

U.S. Department of Justice

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*        *United States Courthouse, Suite 9200*
                                        *1 Courthouse Way*
                                        *Boston, Massachusetts 02210*

~~March~~ June 2, 2004

Edward J. Lee, Esq.                          FILED
65 Franklin Street                           In Open Court
Boston, MA  02110                            USDC, Mass.
                                             Date 10-1-04
                                             By _____
           Re:   United States v. Nothmann   Deputy Clerk

Dear Counsel:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Steven Nothmann, ("Defendant"), in the above-captioned case. The Agreement is as follows:

1.  Change of Plea

At the earliest practicable date, but in no event later than April 2, 2004 or as soon thereafter as scheduled by the Court, Defendant shall waive indictment and plead guilty to one count of corruptly obstructing and impeding the due administration of the Internal Revenue Service in violation of 26 U.S.C. § 7212 and one count of using a false social security number in violation of 42 U.S.C. § 408. Defendant expressly and unequivocally admits that he in fact knowingly, intentionally, corruptly and willfully committed the crimes charged in both counts of the Information, and is in fact guilty of these offenses.

2.  Penalties

Defendant faces the following maximum penalties on the violation of 26 U.S.C. § 7212:

    -   No more than three years imprisonment;
    -   fine of up to $5,000;
    -   up to one year of supervised release;
    -   $100 special assessment;

Defendant faces the following maximum penalties on the violation of 42 U.S.C. § 408:

- No more than five years imprisonment;
- fine of up to $250,000;
- up to three years of supervised release;
- $100 special assessment;
- restitution.

3. <u>Sentencing Guidelines</u>

The parties will take the following positions at sentencing under the United States Sentencing Guidelines:

i. The parties agree that the United States Sentencing Guidelines incorporating guideline amendments through November 1, 2002 shall apply to this offense;

ii. The parties stipulate and agree that U.S.S.G. §2T1.1 governs this offense;

iii. The parties agree that the tax loss from this offense and relevant conduct is approximately $197,000 resulting in an offense level of sixteen (16), pursuant to U.S.S.G. §2T4.1(F);

iv. The parties stipulate and agree that a two-level enhancement is warranted pursuant to U.S.S.G. § 3C1.1 because the defendant willfully attempted to obstruct or impede the administration of justice;

v. The offenses are considered one group, under the grouping rules set forth in Chapter 3 of the Sentencing Guidelines;

vi. *Acceptance of Responsibility*

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, if the defendant signs this agreement and tenders his guilty plea by April 2, 2004 or as soon thereafter as scheduled by the Court, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and the sentencing proceeding in this case, the Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit his conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d) Fails to provide truthful information about his financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Agreement; and/or

(j) Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in the Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after the date of this Agreement.

4. Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence before the District Court:

(a) a sentence at the low end of the guideline range calculated by the court;

(b) a fine recommendation within the guideline range calculated by the Court;

(c) a special assessment of $200;

(d) one year of supervised release.

During the period of supervised release, Defendant must, within six months of sentencing

or release from custody, whichever is later:

    (a)    Cooperate with the Examination and Collection Divisions of the Internal Revenue Service;

    (b)    Provide to the Examination Division all financial information necessary to determine Defendant's prior tax liabilities;

    (c)    Provide to the Collection Division all financial information necessary to determine Defendant's ability to pay;

    (d)    File accurate and complete tax returns for those years for which returns were not filed or for which inaccurate returns were filed; and

    (e)    Make a good faith effort to pay all delinquent and/or additional taxes, interest and penalties.

The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines unless the defendant moves for a downward departure in accordance with the following conditions:

The defendant agrees that he will file any motion for a downward departure, and any legal memoranda in support thereof, at least twenty-one (21) days prior to sentencing unless the parties agree in writing to an alternative schedule. Any departure grounds not raised and filed with the Court twenty-one (21) days prior to sentencing (or according to the modified schedule agreed to by the parties) shall be deemed waived.

The U.S. Attorney reserves the right to contest any downward departure sought by the defendant. In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5.    <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.    <u>Protection of Assets for Payment of Restitution, Forfeiture and Fine</u>

Defendant agrees not to transfer, or authorize the transfer of any other asset in which he has an interest without prior express written consent of the U.S. Attorney, except for:

(1) Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $5,000;

(2) Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to whom he owes a legal duty of support, and to cover all existing tax obligations on properties owned by the defendant, so long as such assets do not exceed $8,000 per month. In the event that such expenses do exceed $8,000 in a month the defendant will seek written authorization from the U.S. Attorney prior to making such expenditures; and

(3) Attorney's fees incurred in connection with this criminal case or any civil case.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine and/or restitution ordered by the Court at sentencing is satisfied in full.

Defendant further agrees that, prior to sentencing, he will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

7. <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>

Defendant is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Defendant is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives his right to appeal or collaterally challenge:

(1) Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;

(2) The adoption by the District Court at sentencing of any of the positions found in paragraph 3 which will be advocated by the U.S. Attorney with regard to offense conduct, adjustments and/or criminal history under the U.S. Sentencing Guidelines; and

(3) The imposition by the District Court of a sentence which does not exceed that being recommended by the U.S. Attorney, as set out in paragraph 4 and, even if the Court rejects one or more positions advocated by the U.S. Attorney or Defendant with regard to the application of the U.S. Sentencing Guidelines.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

Defendant's waiver also shall not extend to an appeal or collateral challenge based solely on the argument that the District Court misunderstood the scope of its authority to depart from the applicable Sentencing Guidelines range, where the District Court states on the record at sentencing both its desire to depart and the basis on which it would depart if it had the legal authority to do so.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights. However, if the United States appeals the defendant's sentence, pursuant to 18 U.S.C. § 3742(b), the defendant shall be released from the above waiver of appellate rights.

8.   Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

9.   Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

10.   Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

11.     Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

12.     Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea.

Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

13.     Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

14.     Complete Agreement

This letter contains the complete agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral, with the sole exception of those contained in the Proffer Agreement. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Joshua Levy.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: *[signature]*

JAMES B. FARMER
Assistant U.S. Attorney
Chief, Criminal Division

STEPHEN P. HEYMANN
Assistant U.S. Attorney
Deputy Chief,
Criminal Division

Jonathan L. Kotlier
Joshua S. Levy
Assistant U.S. Attorneys

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
Steven Nothmann
Defendant

Date: June 2, 2004

I certify that Steven Nothmann has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
Edward J. Lee, Esq
Attorney for Defendant

Date: June 2, 2004