UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. 04-10249-PBS |
| ) | |
| v. ) | VIOLATIONS: |
| ) | |
| STEVEN NOTHMANN ) | 26 U.S.C. § 7212 |
| ) | Corruptly Obstruct and Impede |
| ) | the Due Administration of the Internal |
| ) | Revenue Service |
| ) | |
| ) | 42 U.S.C. § 408 |
| ) | Use of a False Social Security |
| ) | Number |

FILED
In Open Court
USDC, Mass.
Date 10-1-04
By ___
Deputy Clerk

### SUPERSEDING INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

1. At all relevant times, defendant STEVEN NOTHMANN was a resident of Massachusetts. He worked as a stock broker at several brokerage houses, including Morgan Stanley (formerly known as Dean Witter) and Bear Stearns.

2. At all relevant times, NOTHMANN engaged in a continuing scheme to evade the payment of income tax liabilities for himself, and engaged in conduct designed to prevent the Internal Revenue Service from being able to collect the taxes owed by NOTHMANN, as detailed below.

3. NOTHMANN sought to reduce the amount of money withheld by his employers by claiming a large number of allowances on his W-4 forms; by claiming to be "exempt" from taxes for at least one year; and by using his son's social security number on his W-4 forms instead of his own.

4. NOTHMANN corruptly sought to avoid detection of this scheme and to obstruct the

efforts of the Internal Revenue Service to collect taxes by placing his assets in the names of family members. Specifically, NOTHMANN had his paychecks deposited into bank accounts held in his wife and children's names, using their social security numbers. He caused over $2,600,000 of his money to be deposited into these bank accounts. NOTHMANN controlled these bank accounts even though they were not in his name. NOTHMANN made cash withdrawals from these accounts in excess of $500,000. He also forged the signatures of the nominal account holders on checks drawing on these accounts. NOTHMANN also made a number of the approximately $3,000 monthly mortgage payments on a home in Great Barrington, Massachusetts which was held in his mother's name. NOTHMANN also purchased a 2000 Mercedes Benz S500V for a total price of $91,546.20 and placed it in the name of his wife.

5. As a result of NOTHMANN's deceptive practices, on or about September 17, 1997, NOTHMANN succeeded in convincing officers of the Internal Revenue Service that he was unable to pay the $83,827.30 in taxes, interest and penalties that he still owed on his 1990 and 1992 tax modules, even though in truth and in fact he well knew that he could afford to pay this obligation.

6. After 1997, NOTHMANN simply failed to file any Individual Federal Income Tax Returns.

7. NOTHMANN also attempted to obstruct and impede the administration of the Internal Revenue Service by making false statements to the Special Agents of the Internal Revenue Service who interviewed him on December 11, 2003 regarding his tax obligations. Specifically, NOTHMANN claimed that his paychecks were deposited into his own bank accounts, when in truth and in fact he well knew his paychecks were deposited into accounts held by his wife and children. NOTHMANN further claimed that his wife and children did not hold any bank

accounts in their own name or in trust for them, when in truth and in fact he well knew that they had bank accounts which he used for his own purposes. NOTHMANN also falsely claimed that the $1,200,000 he deposited into his daughter's bank account was her inheritance from his father, when in truth and in fact he well knew that this money was income he received from his employer. NOTHMANN further claimed that he had no connection to the house in Great Barrington, Massachusetts held in his mother's name, even though in truth and in fact he knew that he paid a number of the monthly mortgage payments for it.

8. The tax loss resulting from the above described activities is at least $197,000.

**COUNT ONE:** **(26 U.S.C. § 7212 Corruptly Obstruct and Impede the Due Administration of the Internal Revenue Service)**

The United States Attorney further charges that:

9. Paragraphs 1 through 8 are realleged and incorporated as if fully set forth herein.

10. On or about and between October 1997 through December 2003, in the District of Massachusetts,

### STEVEN NOTHMANN

defendant herein, corruptly endeavored to obstruct and impede the due administration of the internal revenue laws by engaging in a course of conduct to avoid mandatory withholding of his taxes, hide his income and assets from the Internal Revenue Service, and mislead internal revenue officers about these activities, as detailed above.

All in violation of Title 26, United States Code, Section 7212(a).

**COUNT TWO:**     (42 U.S.C. § 408 Use of a False Social Security Number)

The United States Attorney further charges that:

11. Paragraphs 1 through 8 are realleged and incorporated as if fully set forth herein.

12. On or about October 1996 and continuing through October 1998, in the District of Massachusetts,

**STEVEN NOTHMANN**

defendant herein, did willfully, knowingly, and with intent to deceive, make a materially false statement in Department of Treasury W-4 Forms defendant submitted through his employer BEAR STEARNS, and in Federal Individual Tax Returns filed with Internal Revenue Service by falsely and fraudulently representing his Social Security Number to be XXX-XX-5346, when in fact defendant's true Social Security Number was XXX-XX-6953.

All in violation of Title 42, United States Code, Section 408(a)(7)(B).

                                            Respectfully submitted,

                                            MICHAEL J. SULLIVAN
                                            United States Attorney

By:  /s/ Seth P. Berman
        SETH P. BERMAN
        Assistant U.S. Attorney

Date:   August 19, 2004